### SANDRIDGE, Agent &c. *v.* JONES et al.

Where, through the negligence of a sheriff, an opportunity is afforded to a debtor of removing into another State property seized under attachment, and plaintiff thereby loses his recourse against it, judgment may be recovered against the sheriff, and his sureties, *in solido*, for its value.

APPEAL from the District Court of Caddo, *Olcott*, J. This was an action against a sheriff and his sureties, with a prayer for judgment against them *in solido*, for the amount of damages alleged to have been sustained by plaintiff through the neglect of the sheriff. The plaintiff appealed from a verdict and judgment against him.

*Crain*, for the appellant. *McGuire* and *Ray*, for the defendants. The judgment of the court was pronounced by

KING, J. The defendant, *Thomas B. Jones*, is sought in this action to be rendered liable for the value of several slaves, which were attached at the suit of the plaintiff, under a writ executed by one of the defendants *Jones'* deputies, and which were, as it is alleged, suffered to escape by the gross neglect of the officer. The cause was tried by a jury in the court below, whose verdict was for the defendants, and the plaintiff has appealed. When the writ was placed in the hands of the officer he was notified by the plaintiffs' attorney, that despatch and the utmost caution were necessary in executing it. That the defendant in attachment had declared his intention never to pay the debt for which he was pursued in that action; that the institution of the suit was becoming a matter of notoriety; and that prudence and diligence would be necessary. The plaintiff offered to bear any expense that the extraordinary diligence, which he asked, might require.

The officer to whom the writ was delivered gave it to another deputy, who retained it for a day, and then returned it to *Watson*, the officer from whom he had received it. *Watson* then undertook the execution of the writ himself, repaired to the neighborhood in which the slaves were, which he reached about noon. The weather being inclement, he waited until about four o'clock in the evening for the slaves to return from their work, before making his levy; and, after having effected his seizure, the slaves were not confined nor secured in any manner, but were suffered to retire to their cabins for the night, with no guard placed over them. The slaves when seized were at a point distant about six or eight miles from the boundary line between Texas and Louisiana, and the defendant in attachment resided in Texas. On the morning following the seizure, the slaves were missing. The sheriff returned on the writ that the slaves were attached, that they were removed to Texas, and that he had been unable to re-

<div style="margin-left:left">SANDRIDGE<br>*v.*<br>JONES.</div>

cover possession of them. The officer thus appears to have been guilty of *laches* at every step made in the execution of the writ. He was notified of the importance of promptness, notwithstanding which the writ was suffered to remain in the hands of a deputy for a day without an effort to execute it. He was warned of the probability that the defendant in attachment would make an effort to remove the slaves ; and yet, after making the seizure, the slaves were permitted to remain at large, with no guard placed over them, or precautions used to prevent their escape, notwithstanding their immediate proximity to the boundary line of the State. His negligence has rendered him liable to the plaintiff for the amount of the loss sustained by reason of his *laches*.

The witnesses differ in relation to the value of the slaves attached. We cannot, under the evidence, place upon them a higher estimate than $1,200. The title to an interest of one half in them only, is shown to have been in the defendant in attachment, which fixes the liability of the sheriff at $600. The plaintiff has shown that he is a creditor of the defendant in attachment for a sum much larger than the value of the entire property seized.

It is therefore ordered that the verdict of the jury be set aside, and the judgment of the District Court reversed. It is further decreed that the plaintiff recover of the defendants *Thomas B. Jones, W. W. Harper, Vinkler H. Jones*, and *John S. Gilbert, in solido*, the sum of $600 ; and that said defendants pay the costs of both courts.